```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

William Daniel

    v.                               Civil No. 04-cv-148-JD

Jane Coplan, Warden,
and John A. Williams


O R D E R

William Daniel brought a civil rights suit under 42 U.S.C. § 1983, alleging that he was subjected to excessive force in violation of the Eighth Amendment by John A. Williams at the New Hampshire State Prison and that Jane Coplan, as the prison warden, was also liable for Williams's conduct.  The defendants move for summary judgment.  Daniel, who is represented by counsel, did not file a response to the defendants' motion.


Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Under the local rules in this district, when a memorandum in support of a motion for summary judgment includes a properly supported statement of material facts, any such facts "shall be deemed admitted unless properly opposed by the adverse party." LR 7.2(b)(2).  The defendants have included a factual statement that is supported by exhibits submitted with it, including the affidavits of Williams and Coplan and another correctional officer, Francis Reed.  Because Daniel failed to file any response, and therefore did not properly oppose the defendants' factual statement, the facts in the defendants' statement are deemed admitted.

## Background

At the time of the incident in question here, Daniel was an inmate at the New Hampshire State Prison.  Although he was a paraplegic, he was able to stand and walk with the assistance of a knee brace.  On April 24, 2001, Daniel was scheduled to be

transported to an appointment at the New England Brace Company and was waiting in a cell in the "Reception and Diagnostics Unit" ("R & D").  Sergeant Williams and Corrections Officer Reed were working in the transportation unit.

Williams and Reed approached Daniel's cell to transport him for the appointment.  They found Daniel standing in his cell, and Williams asked Daniel if he needed the wheelchair for the transport.  Daniel became belligerent and yelled at the officers, using profanity.  Williams told Daniel not to be disruptive.  When the officers entered the cell, Daniel continued to be disruptive and objected to being handcuffed.  Daniel was handcuffed with his hands in front.  Williams told him he would not go to the appointment unless he changed his behavior and told him he would be taken to a holding cell to calm down.

Williams pushed the wheelchair while Reed walked alongside.  They had to negotiate over thresholds, like curbs, in the doorways between units.  In the course of the trip, Reed saw that Daniel was sliding forward in the wheelchair.  Williams thought Daniel might be trying to get out of the chair, to "take a dive," and instructed Reed to get in front to keep Daniel in the chair.  Williams grabbed Daniel by the shirt to keep him in the chair.

Williams was concerned Daniel would throw himself out of the chair and decided to go back to the cell in R & D.  They turned

around to go back, and when they crossed over a threshold, Daniel came out of the chair and landed on the floor.  Williams tried to assist Daniel back into the chair, but Daniel refused to move, becoming limp, dead weight.  Williams and Reed struggled to get Daniel, who is over six feet tall, back into the chair, and Williams finally used a "bear hug" to lift him back.  Daniel did not appear to be injured and did not request medical attention at the time, although the next day medical services found a minor bruise and abrasion.

## Discussion

To prove a claim of excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a plaintiff must prove that force was applied to him "maliciously and sadistically to cause harm" rather than " in a good-faith effort to maintain or restore discipline."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In determining whether the use of force was within constitutional limits, the court evaluates "the need for application of force, the relationship between that need and the amount of force used, and the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. at 7 (internal quotation marks omitted).  The extent of injury

suffered by the plaintiff is also a relevant factor in determining "whether the use of force could plausibly have been thought necessary in a particular situation." Id.  Courts have interpreted the test for excessive force in violation of the Eighth Amendment to require proof that the force used was objectively harmful enough to be unconstitutional and that the perpetrator acted with a sufficiently culpable state of mind. Harper v. Albert, 400 F.3d 1052, 1065-66 (7th Cir. 2005); Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003).

Based on the record presented for summary judgment, Williams did not use excessive force in violation of the Eighth Amendment. To the extent force was used, it was a reasonable effort to maintain discipline by ordering Daniel into his wheelchair, applying handcuffs, keeping him in the wheelchair despite his obstreperousness and obstacles such as the thresholds, and returning him to the wheelchair after he fell or dived out.  His minimal injuries and the circumstances of the use of force do not suggest that a constitutional violation occurred.  In addition, the record does not suggest that Williams had a sufficiently culpable state of mind, meaning that he maliciously or sadistically intended to harm Daniel.

The record provides no material factual dispute as to whether Williams violated Daniel's Eighth Amendment rights.

Therefore, no trialworthy issue exists as to that claim, and the defendants are entitled to summary judgment.  In the absence of an underlying constitutional violation, Daniel's supervisory liability claim against the warden also fails.  See Rivera v. Rhode Island, 402 F.3d 27, 39 (1st Cir. 2005).

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 9) is granted.  The clerk of court shall enter judgment in favor of the defendants and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 30, 2005

cc:  Dianne Hennessey Martin, Esquire
     Kevin E. Buchholz, Esquire